UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
TERESA CIPPOLLONE AND FRANK CIPPOLLONE,          Index No.:  10-CV-00175(RML)

                       Plaintiffs,          **VERIFIED ANSWER TO SECOND THIRD-PARTY COMPLAINT**

    - against -

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.,

                       Defendant.
--------------------------------------------------------------------x
ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.,

             Third-Party Plaintiff,

       -against-

STONHARD, INC.,

             Third-Party Defendant.
--------------------------------------------------------------------x
STONCOR GROUP, INC.,

          Second Third-Party Plaintiff,

       -against-

METRO FLOORS, INC.,

         Second Third-Party Defendant.
--------------------------------------------------------------------x

      Second Third-Party Defendant METRO FLOORS, INC. by and through its attorneys, GALLO VITUCCI & KLAR LLP, answering the Second Third-Party Complaint of Third-Party Defendant/Second Third-Party Plaintiff, respectfully states and alleges upon information and belief as follows:

1.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Second Third-Party Complaint.

2.    Denies each and every allegation contained in paragraphs "3", "4", "5", "6", "7" and "8" of the Second Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM

3.    In response to Paragraph "9" of the Second Third-Party Complaint, Second Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "8" of the Second Third-Party Complaint.

4.    Denies each and every allegation contained in paragraph "10" of the Second Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM

5.    In response to Paragraph "11" of the Second Third-Party Complaint, Second Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "10" of the Second Third-Party Complaint.

6.    Denies each and every allegation contained in paragraphs "12" and "13" of the Second Third-Party Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM

7.    In response to Paragraph "14" of the Second Third-Party Complaint, Second Third-Party Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "13" of the Second Third-Party Complaint.

8.      Denies each and every allegation contained in paragraph "15" of the Second Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.      That Second Third-Party Defendant was not served in accordance with the provisions of the C.P.L.R. and this Court, therefore, lacks jurisdiction over this Second Third-Party Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the Second Third-Party Complaint therein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering Second Third-Party Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     That by entering into the activity in which the Plaintiff and/or Second Third-Party Plaintiff was engaged at the time of the occurrence set forth in the Second Third-Party Complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff and/or Second Third-Party Plaintiff herein as alleged in the Second Third-Party Defendant Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff and/or Second Third-Party Plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.     Answering Second Third-Party Defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.    The lawsuit was not commenced by the Plaintiff and/or Second Third-Party Plaintiff within the time prescribed by law and, therefore, Plaintiff and/or Second Third-Party Plaintiff's action is barred by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.    Pursuant to CPLR 4545(c), if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event answering Second Third-Party Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately proceeding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15.    The Second Third-Party Complaint fails to state a cause of action, cognizable in equity or law against this answering Second Third-Party Defendant and must therefore be dismissed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

16.     This action may not be maintained because of Plaintiff and/or Second Third-Party Plaintiff's failure to join all necessary parties in this action, and in the absence of person (s) who should be a party this action cannot proceed.

**AS AND FOR A FIRST COUNTERCLAIM OVER AND AGAINST**
**ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC.**

**(FOR CONTRIBUTION)**

17.     In the event that METRO FLOORS, INC. herein is held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Second Third-Party Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of the ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC., without any fault, negligence or want of care on the part of METRO FLOORS, INC. herein contributing thereto, and as such, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC., is liable over to METRO FLOORS, INC. for contribution for ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC.'s proportionate share of any judgment or recovery that Plaintiff may obtain.

**AS AND FOR A SECOND COUNTERCLAIM OVER AND AGAINST**
**ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC.**

**(FOR COMMON LAW INDEMNIFICATION)**

18.     In the event that METRO FLOORS, INC. is held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Second Third-Party Complaint, or any cross-claims, which liability is expressly denied, such liability will have been

brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC., without any fault, negligence or want of care on the part of METRO FLOORS, INC. contributing thereto, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC and STONCOR GROUP, INC. will be obligated to indemnify METRO FLOORS, INC. for common-law indemnification herein against such loss or damages as it may suffer, including without limitation any judgment entered against METRO FLOORS, INC. and all costs, disbursements, expenses and attorneys fees incurred in the defense of this action, as provided by applicable law

**WHEREFORE**, defendant METRO FLOORS, INC. demands judgment dismissing the Second Third-Party Complaint, including all claims and cross-claims, or in the event Plaintiff recovers a verdict or judgment against METRO FLOORS, INC. then METRO FLOORS, INC. demands judgment over and against the parties above-named, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
        October 5, 2010

Yours etc.,

GALLO VITUCCI & KLAR LLP

By:  Daniel P. Mevorach, Esq.  (DM-5974)
*Attorneys for Second Third-Party Defendant*
*METRO FLOORS, INC.*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel No.: (212) 683-7100
Our File No.: HV-2010-33

TO:

HERZFELD & RUBIN, P.C.
*Attorneys for Third-Party Defendant/*
*Second Third-Party Plaintiff*
*STONCOR GROUP, INC.*
40 Wall Street
New York, New York 10005
Phone: (212) 471-8527

AMEDURI GALANTE & FRISCIA
*Attorneys Plaintiffs*
*TERESA CIPPOLLONE and*
*FRANK CIPPOLLONE*
471 Rement Avenue
Staten Island, New York 10310
Phone: (718) 442-9000

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
*Attorneys for Defendant/Third-Party Plaintiff*
*ARAMARK HEALTHCARE SUPPORT SERVICES, LLC.*
3 Gannett Drive
White Plains, New York 10604
Phone: (914) 323-7000

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is an associate with the firm of Gallo Vitucci & Klar LLP, attorneys for Second Third-Party Defendant METRO FLOORS, INC.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of the undersigned, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by the undersigned and not by the Second Third-Party Defendant is that said party's office is outside the county in which the undersigned maintains his office.

That the source of the undersigned's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said parties.

Dated: New York, New York
       October 5, 2010

DANIEL P. MEVORACH (DM-5974)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Kings, and that on the 5th day of October, 2010, she served the within **VERIFIED ANSWER TO SECOND THIRD-PARTY COMPLAINT** upon:

HERZFELD & RUBIN, P.C.
*Attorneys for Third-Party Defendant/Second Third-Party Plaintiff*
*STONCOR GROUP, INC.*
40 Wall Street
New York, New York 10005
Phone: (212) 471-8527

AMEDURI GALANTE & FRISCIA
*Attorneys Plaintiffs*
*TERESA CIPPOLLONE and*
*FRANK CIPPOLLONE*
471 Rement Avenue
Staten Island, New York 10310
Phone: (718) 442-9000

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
*Attorneys for Defendant/Third-Party Plaintiff*
*ARAMARK HEALTHCARE SUPPORT SERVICES, LLC.*
3 Gannett Drive
White Plains, New York 10604
Phone: (914) 323-7000

via regular mail by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of United States Postal Service within the City and State of New York.

Claudette Fraser

Sworn to before me this
5th day of October, 2010

Notary Public

DANIEL MEVORACH
Notary Public, State of New York
No. 02ME6163187
Qualified In Queens County
Commission Expires March 19, 20 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.:  10-CV-00175(RML)

TERESA CIPPOLLONE AND FRANK CIPPOLLONE,

Plaintiffs,

- against -

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.,

Defendant.

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.,

Third-Party Plaintiff,

-against-

STONHARD, INC.,

Third-Party Defendant.

STONCOR GROUP, INC.,

Second Third-Party Plaintiff,

-against-

METRO FLOORS, INC.,

Second Third-Party Defendant.

## VERIFIED ANSWER TO SECOND THIRD-PARTY COMPLAINT

GALLO VITUCCI & KLAR LLP
*Attorneys for Second Third-Party Defendant*
*METRO FLOORS, INC.*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: HV-2010-33