Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TERESA CIPOLLONE AND                          :   No. 10-CV-00175
FRANK CIPOLLONE,

                                              :   **THIRD-PARTY SUMMONS**
                              Plaintiffs,          **IN A CIVIL ACTION**

                                              :

      -against-
                                              :

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC                                 :



                        Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ARAMARK HEALTHCARE SUPPORT                    :
SERVICES, LLC
                                              :

                  Third-Party plaintiff,
                                              :

                  - against -
                                              :

STONHARD INC.,
                                              :

                  Third-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To:   Stonhard Inc.,
      1000 East Park Avenue
      Maple Shade, New Jersey 08052

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve
upon:

AMEDURI, GALANTE & FRISCIA
**Attorneys for Plaintiff**
471 Bement Avenue
Staten Island, NY 10310
Tel:  (718) 442-9000
Fax:  (718) 273-5219

2704329.2

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
**Attorneys for Defendant/Third-Party plaintiff**
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
File No.: 00804.00039

an answer to the third-party complaint which is herewith served upon you within _____ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint *unless* (1) this is a case within Rule 9(h) of the Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) of the Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.


_____          _____

Clerk                                     Date


_____

Deputy Clerk

2704329.2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TERESA CIPOLLONE AND                          :   No. 10-CV-00175
FRANK CIPOLLONE,

                              :   **THIRD-PARTY COMPLAINT**

                      Plaintiffs,

                              :

   -against-

                              :

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC                                 :

                       Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ARAMARK HEALTHCARE SUPPORT                    :
SERVICES, LLC

                              :

              Third-Party plaintiff,

                              :

            - against -

                              :

STONHARD INC.,

                              :

             Third-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC by its attorneys,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its Third-Party Complaint

against Third-Party Defendant, STONHARD INC, allege as follows:

      1.     Upon information and belief, and at all times hereinafter mentioned, third-party

defendant, STONHARD INC., was and is a subsidiary of RPM International Inc., an Ohio based

- 3 -

company incorporated under the laws of Delaware, and whose headquarters is located at 1000

East Park Avenue, Maple Shade, New Jersey 08052.

    2.      On or about December 10, 2009, plaintiffs TERESA CIPOLLONE and FRANK

CIPPOLLONE commenced an action against defendant/third-party plaintiff, ARAMARK

HEALTHCARE SUPPORT SERVICES, LLC, in the Supreme Court of the State of New York,

County of Richmond.  A copy of the Summons and Complaints relative to the primary action is

annexed hereto as Exhibit A.

    3.      Thereafter, on January 11, 2010, ARAMARK HEALTHCARE SUPPORT

SERVICES, LLC served its Notice of Removal to the United States District Court for the

Eastern District of New York.  A copy of the Notice of Removal is annexed hereto as Exhibit B.

    4.      On or about January 15, 2010, ARAMARK HEALTHCARE SUPPORT

SERVICES, LLC, interposed its Verified Answer in response to plaintiff's Complaint. A copy of

the Verified Answer is annexed hereto as Exhibit C.

    5.      Plaintiff's Complaint alleges that on December 20, 2006 plaintiff sustained

serious and permanent injuries when she was caused to slip and fall within Staten Island

University Hospital located at 475 Seaview Avenue, Staten Island, New York.  It is further

alleged that plaintiff slipped and fell was due to defendant's negligence in its ownership,

operation, management, supervision, maintenance and control of the aforesaid premises.

    6.      Defendant/third-party plaintiff, ARAMARK HEALTHCARE SUPPORT

SERVICES, LLC, have denied liability to plaintiff with regard to the injuries and damages

alleged in plaintiff's Complaint.

    7.      However, if plaintiff's injuries were caused in whole or in part by the condition of

the subject floor, then any such negligence arising out of the subject accident was, upon

- 4 -

2704329.2

information and belief, as a result of the negligence of the refinishing of the subject floor by third-party defendant, STONHARD INC. in or about December 2006.

        8.      By reason of the foregoing, if plaintiff receives a verdict against defendant/third-party plaintiff, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, for the damages alleged to have been sustained at the time and place and in the manner claimed in the Complaint, then such liability will have been brought about and caused by the culpable conduct of third-party defendant, STONHARD INC, and the third-party defendant is liable to the defendant/third-party plaintiff, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC., for indemnification and/or contribution, in whole or in part, for any judgment plaintiff may recover in the primary action.

2704329.2

**WHEREFORE,** in the event that judgment is recovered against defendant/third-party plaintiff, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC., said defendant/third-party plaintiff demands judgment by way of indemnification and/or contribution over and against third-party defendant, STONHARD INC., in whole or in part for the amount of any sum which may be recovered herein against said defendant/third-party plaintiff and further demands that the relative responsibilities of said parties be apportioned together with the attorneys' fees and the costs and disbursements of this action.

Dated:     White Plains, New York
           March 19, 2010

                                  Yours, etc.

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By: _____
                             Joseph P. Wodarski (JW 0557)
                             Attorneys for Defendant/Third-Party
                             Plaintiff
                             ARAMARK HEALTHCARE SUPPORT
                             SERVICES, LLC
                             3 Gannett Drive
                             White Plains, NY 10604
                             (914) 323-7000
                             File No.: 00804.00039


To:     **Third-Party Defendant**
        STONHARD INC.
        1000 East Park Avenue
        Maple Shade, New Jersey 08052

cc:     AMEDURI, GALANTE & FRISCIA
        **Attorneys for Plaintiff**
        471 Bement Avenue
        Staten Island, NY 10310
        Tel: (718) 442-9000
        Fax: (718) 273-5219


                                  - 6 -

2704329.2

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,

Plaintiffs,

-against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

Defendants
------------------------------------------------------------------------X

Index No.: 102898/9
Date Purchased:
**SUMMONS**

Plaintiffs designate Richmond
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
7395 Amboy Road
Staten Island, NY 10307
County of Richmond

**To the above named Defendant:**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       Staten Island, New York
             December 10, 2009

JOHN S. FRISCIA
AMEDURI, GALANTE & FRISCIA
Attorneys for Plaintiffs
TERESA CIPOLLONE and FRANK CIPOLLONE
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000
Our File No. 2726

TO:
ARAMARK HEALTHCARE SUPPORT SERVICES LLC
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

RECEIVED COUNTY CLERK'S OFFICE
2009 DEC 17 P 1: 23
RICHMOND COUNTY CLERK

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.:
Date Purchased:

----------------------- --------------------------------- -----------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

Defendants,

-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, **AMEDURI, GALANTE & FRISCIA**, complaining of the

Defendant, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF TERESA CIPOLLONE

1.      That at all times hereinafter mentioned, Plaintiffs were, and still are, residents of the

County of Richmond, State of New York.

2.      That this action falls within one or more of the exceptions as set forth in CPLR

§1602.

3.      That at all times hereinafter mentioned, the Defendant **ARAMARK**

**HEALTHCARE SUPPORT SERVICES LLC.** was and still is a domestic corporation duly

organized and existing under and by virtue of the laws of the State of New York.

4.      That at all times hereinafter mentioned, the Defendant **ARAMARK**

**HEALTHCARE SUPPORT SERVICES LLC.** was and still is a foreign corporation duly

authorized to do business in the State of New York.

2

5.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. had and maintained a principal place of business in the County of Berks, State of Pennsylvania.

6.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. maintained a principal place of business in the County of Richmond, State of New York.

7.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. did contract, lease and/or rent the premises or a portion of the premises, located at/or in Staten Island University Hospital North, 475 Seaview Avenue, Staten Island, NY.

8.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. operated the area and location where the accident herein occurred.

9.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. managed the aforesaid area and location of the premises herein.

10.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. controlled the aforesaid area and location of the premises herein.

11.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. maintained the aforesaid area and location of the premises herein.

3

12.    That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. repaired the aforesaid area and location of the premises herein.

13.    On December 20, 2006 Plaintiff **TERESA CIPOLLONE** was lawfully on the aforesaid premises.

14.    On December 20, 2006 Plaintiff **TERESA CIPOLLONE** was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner, owners and/or defendants.

15.    On December 20, 2006, Plaintiff **TERESA CIPOLLONE** was lawfully about the aforesaid premises within the scope of her employment with **STATEN ISLAND UNIVERSITY HOSPITAL NORTH.**

16.    On December 20, 2006, while Plaintiff **TERESA CIPOLLONE** was lawfully about the aforesaid premises when she was caused to slip and/or trip and fall and sustain serious and permanent injuries.

17.    The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

18.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19.    That by reason of the foregoing, Plaintiff **TERESA CIPOLLONE** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish, that these injuries and

their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20.     That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF FRANK CIPOLLONE

21.     That at all times herein mentioned, Plaintiff **FRANK CIPOLLONE** repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

22.     That at all times herein mentioned, Plaintiff **FRANK CIPOLLONE** was the spouse of the Plaintiff **TERESA CIPOLLONE** and as such was entitled to the society, services and consortium of his spouse, **TERESA CIPOLLONE**.

23.     That by reason of the foregoing, Plaintiff **FRANK CIPOLLONE** was deprived of the society, services and consortium of the Plaintiff **TERESA CIPOLLONE** and shall forever be deprived of said society, services and consortium.

24.     That by reason of the foregoing, Plaintiff **FRANK CIPOLLONE** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise

have jurisdiction, together with the costs and disbursements of this action.

Dated:         Staten Island, New York
               December 10, 2009

                                   Yours, etc

                                   JOHN S. FRISCIA
                                   AMEDURI, GALANTE & FRISCIA
                                   Attorneys for Plaintiffs
                                   TERESA CIPOLLONE & FRANK CIPOLLONE
                                   471 Bement Avenue
                                   Staten Island, New York 10310
                                   (718) 442-9000
                                   Our File No. 2726

6

PLAINTIFF'S VERIFICATION

STATE OF NEW YORK,

COUNTY OF RICHMOND ss:

TERESA CIPOLLONE AND FRANK CIPOLLONE , being duly sworn, says: We are the Plaintiffs in the action herein:  We have read the annexed SUMMONS AND COMPLAINT and know the contents thereof, and the same are true to our knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true. Our belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in our personal files.

DATED:        Staten Island, New York
              NOV,   27, 2009

                                        _Teresa Cipollone_
                                        TERESA CIPOLLONE

                                        _Frank Cipollone_
                                        FRANK CIPOLLONE

Sworn to me this 27th day
of _November_ , 2009

_____
NOTARY PUBLIC

        JANET L CRUZ-DIAZ
Notary Public, State of New York
        No. 01CR6018875
    Qualified in Richmond County
Commission Expires January 19, 20 11

8

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

TERESA CIPOLLONE AND FRANK CIPOLLONE,

Plaintiff(s),

-against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,
Defendant(s)

## SUMMONS & COMPLAINT

### AMEDURI, GALANTE & FRISCIA
*Attorneys for Plaintiffs*
**471 Bement Avenue**
**Staten Island, New York 10310**
**(718) 442-9000**

TO:

# EXHIBIT B

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendants*
Office and P.O. Address
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No.:  00804.00039

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERESA CIPOLLONE AND
FRANK CIPOLLONE,

                                                     Docket No.:

                              Plaintiffs,

        -against-                          **NOTICE OF REMOVAL**

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC,

                              Defendant.
------------------------------------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK:**

        The Defendants, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

("ARAMARK"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN

& DICKER LLP, as and for its notice of removal of this action pursuant to 28 U.S.C. §§1332(a),

1441 and 1446, petitions the Court and respectfully sets forth as follows:

                              **INTRODUCTION**

        1.      This action was commenced on or about December 10, 2009 by the service of a

Summons and Complaint, a copy of which is annexed hereto as Exhibit "A" ("Complaint").

        2.      As more fully explained below, this Court has original jurisdiction pursuant to 28

U.S.C. §1332(a), because this is a civil action between citizens of different States with an

amount in controversy exceeding $75,000.00, exclusive of costs and interest.

2640884.1

3.      Under 28 U.S.C. §1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days of receipt of information that the case would be moveable. Defendant ARAMARK was served with a copy of the Summons and Complaint via its corporate agent on or about December 22, 2009.

4.      The Plaintiffs claim in their Complaint unspecified money damages for personal injuries allegedly sustained with respect to an accident occurring on December 20, 2006, but demands judgment against the Defendants in an amount in excess of the jurisdictional limits of New York's lower courts. (see, Exhibit "A"). At the heart of Plaintiff's allegations is that the Defendants negligently owned, operated, managed, supervised, maintained and controlled the subject premises (see, Exhibit "A").

5.      Venue is proper under 28 U.S.C. §§ 1441(a) and 105(a)(1) because the United States District Court for the Eastern District of New York is the federal judicial district embracing New York State Supreme Court, County of Richmond, where the State court action was originally filed and was pending.

6.      This action is one which may be removed under 28 U.S.C. §1441(b) in that, it is a civil action between citizens of different states, the matter in controversy allegedly exceeds the sum or value of $75,000.00, exclusive of interest and costs and the removal is timely.

7.      Removal of the State Court Action to this Court is proper under 28 U.S.C. §§1332(a), 1441(a) due to the diverse citizenship of the parties and an amount in controversy in excess of $75,000 exclusive of interests and costs.

2640884.1

## DIVERSITY OF CITIZENSHIP

8.     Upon information and belief, the Plaintiffs are citizens of the State of New York residing in Richmond County (*see*, Exhibit "A", at ¶1).

9.     Defendant ARAMARK Healthcare Support Services, LLC is a foreign corporation with their principal place of business in Philadelphia, PA.

10.     Removal of the State Court Action to this Court is proper under 28 U.S.C. §§1332(a), 1441(a) due to the diverse citizenship of the parties and an amount in controversy in excess of $75,000 exclusive of interests and costs.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF COSTS AND INTEREST

11.     In accordance with New York law, the Complaint does not set forth the amount in controversy exclusive of interest and costs (*see*, N.Y. C.P.L.R. §3017 (McKinney's 2006 Supp.); *see also*, Exhibit "A").  Instead, the Complaint alleges that the Plaintiff seeks damages "in a sum in excess of the monetary jurisdiction of all lower courts." (Exhibit "A").

12.     The maximum jurisdictional limit of lower courts having jurisdiction of this matter is twenty-five thousand dollars ($25,000.00). (*see*, N.Y. Jud. Law §190 (McKinney's 2005).

13.     Accordingly, Defendant is informed and believes that the amount in controversy exceeds $75,000.00. Plaintiff's time to respond to ARAMARK's demand to set forth the total damages to which the pleaders deem themselves entitled has not yet expired pursuant to CPLR § 3017.

WHEREFORE, the Defendant, ARAMARK, respectfully prays that this action now pending in the Supreme Court of the State of New York, County of Richmond proceed in the United States District Court for the Eastern District of New York as an action properly removed

2640884.1

thereto, together with such other and further relief as this Court may deem just, proper and equitable.

Dated: White Plains, New York
       January 11, 2010

                                     **WILSON, ELSER, MOSKOWITZ,**
                                          **EDELMAN & DICKER LLP**

By: _____
                         Joseph P. Wodarski (JW-0557)
                         Attorneys for Defendant
                         ARAMARK Healthcare
                         Support Services, LLC
                         3 Gannett Drive
                         White Plains, New York 10604
                         (914) 323-7000
                         File No.  00804.00039

TO:    AMEDURI, GALANTE & FRISCIA
        Attorneys for Plaintiff(s)
        471 Bement Avenue
        Staten Island, New York 10310
        (718) 442-9000

4

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-------------------------------------------------------------------X

TERESA CIPOLLONE AND FRANK CIPOLLONE,

                                    Plaintiffs,

                    -against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

                                    Defendants

-------------------------------------------------------------------X

Index No.: 102898/9

Date Purchased:
**SUMMONS**

Plaintiffs designate Richmond
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
7395 Amboy Road
Staten Island, NY 10307
County of Richmond

## To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Staten Island, New York
              December 10, 2009

                              JOHN S. FRISCIA
                              AMEDURI, GALANTE & FRISCIA
                              Attorneys for Plaintiffs
                              TERESA CIPOLLONE and FRANK CIPOLLONE
                              471 Bement Avenue
                              Staten Island, New York 10310
                              (718) 442-9000
                              Our File No. 2726

TO:
ARAMARK HEALTHCARE SUPPORT SERVICES LLC
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.:
Date Purchased:

---------------------------- ------------------------------ -----------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

Defendants,

------------------------------------------------------------------------X

Plaintiffs, by their attorneys, **AMEDURI, GALANTE & FRISCIA**, complaining of the

Defendant, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF TERESA CIPOLLONE

1.     That at all times hereinafter mentioned, Plaintiffs were, and still are, residents of the

County of Richmond, State of New York.

2.     That this action falls within one or more of the exceptions as set forth in CPLR

§1602

3.     That at all times hereinafter mentioned, the Defendant **ARAMARK**

**HEALTHCARE SUPPORT SERVICES LLC.** was and still is a domestic corporation duly

organized and existing under and by virtue of the laws of the State of New York.

4.     That at all times hereinafter mentioned, the Defendant **ARAMARK**

**HEALTHCARE SUPPORT SERVICES LLC.** was and still is a foreign corporation duly

authorized to do business in the State of New York.

2

5. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. had and maintained a principal place of business in the County of Berks, State of Pennsylvania.

6 That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. maintained a principal place of business in the County of Richmond, State of New York.

7. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. did contract, lease and/or rent the premises or a portion of the premises, located at/or in Staten Island University Hospital North, 475 Seaview Avenue, Staten Island, NY.

8. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. operated the area and location where the accident herein occurred.

9. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. managed the aforesaid area and location of the premises herein.

10. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. controlled the aforesaid area and location of the premises herein.

11. That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. maintained the aforesaid area and location of the premises herein.

3

12.     That at all times hereinafter mentioned, the Defendant ARAMARK HEALTHCARE SUPPORT SERVICES LLC. repaired the aforesaid area and location of the premises herein.

13.     On December 20, 2006 Plaintiff **TERESA CIPOLLONE** was lawfully on the aforesaid premises.

14.     On December 20, 2006 Plaintiff **TERESA CIPOLLONE** was lawfully on the aforesaid premises with the knowledge, permission and consent of the owner, owners and/or defendants.

15.     On December 20, 2006, Plaintiff **TERESA CIPOLLONE** was lawfully about the aforesaid premises within the scope of her employment with **STATEN ISLAND UNIVERSITY HOSPITAL NORTH.**

16.     On December 20, 2006, while Plaintiff **TERESA CIPOLLONE** was lawfully about the aforesaid premises when she was caused to slip and/or trip and fall and sustain serious and permanent injuries.

17.     The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

18.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19      That by reason of the foregoing, Plaintiff **TERESA CIPOLLONE** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish, that these injuries and

4

their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20.     That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF FRANK CIPOLLONE

21.     That at all times herein mentioned, Plaintiff **FRANK CIPOLLONE** repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

22.     That at all times herein mentioned, Plaintiff **FRANK CIPOLLONE** was the spouse of the Plaintiff **TERESA CIPOLLONE** and as such was entitled to the society, services and consortium of his spouse, **TERESA CIPOLLONE**.

23.     That by reason of the foregoing, Plaintiff **FRANK CIPOLLONE** was deprived of the society, services and consortium of the Plaintiff **TERESA CIPOLLONE** and shall forever be deprived of said society, services and consortium.

24.     That by reason of the foregoing, Plaintiff **FRANK CIPOLLONE** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs demand judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise

have jurisdiction, together with the costs and disbursements of this action.

Dated:        Staten Island, New York
              December 10, 2009

                                        Yours, etc

                                        JOHN S. FRISCIA
                                        AMEDURI, GALANTE & FRISCIA
                                        Attorneys for Plaintiffs
                                        TERESA CIPOLLONE & FRANK CIPOLLONE
                                        471 Bement Avenue
                                        Staten Island, New York 10310
                                        (718) 442-9000
                                        Our File No. 2726

6

PLAINTIFF'S VERIFICATION

STATE OF NEW YORK,

COUNTY OF RICHMOND  ss:

TERESA CIPOLLONE AND FRANK CIPOLLONE , being duly sworn, says: We are the Plaintiffs in the action herein:  We have read the annexed SUMMONS AND COMPLAINT and know the contents thereof, and the same are true to our knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true. Our belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in our personal files.

DATED:        Staten Island, New York
              NOV,   27, 2009

_____
TERESA CIPOLLONE

_____
FRANK CIPOLLONE

Sworn to me this 27th day
of November , 2009

_____
NOTARY PUBLIC

JANET L CRUZ-DIAZ
Notary Public, State of New York
No. 01CR6018875
Qualified In Richmond County
Commission Expires January 19, 20 11

8

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

TERESA CIPOLLONE AND FRANK CIPOLLONE,

Plaintiff(s),

-against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,
Defendant(s)

## SUMMONS & COMPLAINT

### AMEDURI, GALANTE & FRISCIA
*Attorneys for Plaintiffs*
**471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000**

TO:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TERESA CIPOLLONE AND
FRANK CIPOLLONE,

                          Plaintiffs

                  - against -

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC,

                          Defendants.
-------------------------------------------------------------------x

:      Docket No.

:      **CERTIFICATE OF SERVICE**

:

:

:

:

STATE OF NEW YORK       )
                        ) :
COUNTY OF WESTCHESTER )

    **Joseph P. Wodarski**, an attorney duly admitted to practice law before this Court declares pursuant to 28 U.S.C. §1746 and affirms under the penalties of perjury that the following is true and correct:

    That on the 11th day of January, 2010 I served the following:

**NOTICE OF REMOVAL**

Upon:      AMEDURI, GALANTE & FRISCIA
           471 Bement Avenue
           Staten Island, NY 10310

attorney(s) for the Plaintiffs in this action, at the above address designated by said attorney for that purpose by depositing a true copy thereof in a post paid addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Dated:  White Plains, New York
       January 11, 2010

                         Joseph P. Wodarski (JW-0557)

2641513.1

# EXHIBIT C

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendants*
Office and P.O. Address
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No.:  00804.00039

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERESA CIPOLLONE and FRANK CIPOLLONE,

                                   Plaintiff,           Docket No.:

          -against-

                                           **VERIFIED ANSWER**

ARAMARK HEALTHCARE SUPPORT
SERVICES, INC.

                                Defendant.
------------------------------------------------------------------X

      Defendant,    ARAMARK    HEALTHCARE    SUPPORT    SERVICES,    LLC,

("ARAMARK"), answering the Complaint of plaintiffs, TERESA  CIPOLLONE and FRANK

CIPOLLONE, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER,

LLP, respectfully alleges, upon information and belief, as follows:

### AS AND FOR AN ANSWER TO A FIRST
### CAUSE OF ACTION ON BEHALF OF TERESA CIPOLLONE

      1.     Defendant ARAMARK, denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraphs numbered "1", "7", "8", "9",

"10", "11", "12", "13", "14" and "15" of the Plaintiff's Complaint.

      2.     Defendant ARAMARK, denies each and every allegation contained in paragraphs

numbered "3", "6", "16", "17", "18", "19" and "20" of the Plaintiff's Complaint.

2643960.1

3.    Defendant ARAMARK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "2" of the Plaintiff's Complaint and respectfully refers all questions of law for the determination by this Honorable Court at the time of trial.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION ON BEHALF OF FRANK CIPOLLONE

4.    In response to paragraph designed "21", the answering defendant repeats, reiterates and realleges each admission or denial previously set forth herein in response to Paragraphs "1" through "20" of the Complaint with the same force and effect as if set forth at length herein.

5.    Defendant ARAMARK, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "22" of the Plaintiff's Complaint.

6.    Defendant ARAMARK, denies each and every allegation contained in paragraphs numbered "23" and "24" of the Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.    Any damages complained of by Plaintiff and were caused in whole or in part by the conduct or negligence of others not including the answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.    If the Plaintiff incurred any damages as alleged in the Complaint, Plaintiff assumed the risk inherent in the activity in which she was engaged at the time any damages were incurred.

2643960.1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.     If the Plaintiff incurred any damages as alleged in the Complaint, Plaintiff incurred such damages as a result of comparative and/or contributory negligence of the Plaintiff without any negligence, strict products liability or breach of warranty on the part of the answering Defendant.  That any damages to which Plaintiff may become entitled should be diminished in the same proportion as Plaintiff's own negligence and/or culpable conduct bears to the total negligence and/or conduct responsible for the damages sustained.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.     The answering Defendant asserts that if this action is subject to Article 16 of the CPLR that in accordance with the limitations of joint and several liability in Article 16 of the CPLR, the answering Defendant cannot be held liable in excess of its proportionate share of liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.     Plaintiff, or her agents, could have, but failed to, perceive the defect, as alleged in the Complaint, or was otherwise contributory negligent, and Plaintiff is therefore barred from recovery herein in whole or in part.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

12.     Upon information and belief, the acts or omissions giving rise to the damages or losses alleged were those of a third party or parties for which the Defendant is in no way liable or responsible.

2644960.1

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     Upon information and belief, the damages and occurrences alleged in the Complaint were the result of an independent and intervening cause or causes of which the answering Defendant had no control or in any way participated.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.     In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may thereafter be given a release or a covenant not to sue, the answering Defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against the Defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.     That any cause of action premised upon breach of warranty is barred by application of N.Y.U.C.C. Law §607.et. seq.

### AS AND FOR  A TENTH AFFIRMATIVE DEFENSE

16.     The court lacks jurisdiction of the answering Defendant.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17.     The claim alleged against Defendant fails to state a cause of action upon which Plaintiff can recover.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.     The court should not proceed in this action in the absence of an entity which should be a party.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     The Plaintiff is not entitled to recover from the Defendant due to its own, active and affirmative, wrongful, improper, illegal and inequitable conduct.

2644909.1

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

WHEREFORE, Defendant, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC, demands judgment dismissing Plaintiffs' Verified Complaint together with costs and disbursements of this action, or, in the alternative, that the relative of responsibility of all parties be apportioned, and for such other further relief as this Court deems just and proper.

Dated:  White Plains, New York
        January 15, 2010

                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP

                                        By: _____
                                             Joseph P. Wodarski (JW-0557)
                                             *Attorneys for Defendant*
                                             *ARAMARK Healthcare Support Services, LLC*
                                             Office and P.O. Address
                                             3 Gannett Drive
                                             White Plains, New York 10604
                                             (914) 323-7000
                                             File No. 00804.00039

TO:     AMEDURI, GALANTE & FRISCIA
        John S. Friscia, Esq.
        *Attorneys for Plaintiffs*
        *TERESA CIPOLLONE and*
        *FRANK CIPOLLONE*
        471 Bement Avenue
        Staten Island, NY 10310
        (718) 442-9000
        File No. 2726

5

ATTORNEY'S VERIFICATION

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

JOSEPH P. WODARSKI, being duly sworn, deposes and says:

That he is associated with the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, representing the defendant, ARAMARK HEALTHCARE SUPPORT SERVICES, LLC.

That, pursuant to the CPLR, he has read the attached Answer and the same is true to his own belief, and as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are reports and records of investigation, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because his client is not in the county where deponent maintains its office.

Dated: White Plains, New York
        January 15, 2010

_____
JOSEPH P. WODARSKI

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER )

      **Elizabeth Ramsey**, being duly sworn, deposes and says:

      That deponent is not a party to the action, is over eighteen (18) years of age and resides in Dutchess County, New York.

      That on the 15th day of January, 2010 deponent served the within:

### VERIFIED ANSWER

Upon:  AMEDURI, GALANTE & FRISCIA
          John S. Friscia, Esq.
          Attorneys for Plaintiff
          471 Bement Avenue
          Staten Island, NY 10310

attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof in a post paid addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Elizabeth Ramsey

Sworn to before me this
15th day of January, 2010.

NOTARY PUBLIC

CHARLES C. DEMARTINO
NOTARY PUBLIC, State of New York
No. 02DE6126907
Qualified in Westchester County
Commission Expires May. 16, 2013