AMEDURI, GALANTE & FRISCIA
*Attorneys for the Plaintiffs*
*TERESA CIPOLLONE AND FRANK CIPOLLONE*
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,

          Plaintiffs,
    -against-
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

          Defendant
-----------------------------------------------------------------------X
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC

         Third-Party Plaintiff,
    -against-
STONHARD INC.,

         Third-Party Defendant.
-----------------------------------------------------------------------X
STONHARD INC.,

         Second Third-Party Plaintiff,
    -against-

METRO FLOORS, INC.

         Second Third-Party Defendant.
-----------------------------------------------------------------------X

No.: 10-CV-00175 (RML)

**SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE DEFENDANT/ THIRDPARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiffs Teresa Cipollone and Frank Cipollone respectfully submits this Sur-Reply Memorandum of Law in further opposition to the motion brought by Defendant Aramark Healthcare Support Services, LLC seeking to dismiss Plaintiff's action based upon to alleged claim that Plaintiff, Teresa Cipollone was Aramark's special employee or borrowed servant at the time of her accident. It is clear that Plaintiff's employer, Staten Island University Hospital retained sufficient control and authority over the Plaintiff such that Plaintiff is not a special employee of the Defendant Aramark and is not limited to the relief of Workers' Compensation benefits for her serious and permanent injuries argument.

## ARGUMENT

Despite Defendant and Third Party Defendant's attempts to obfuscate the facts herein, it is clear that this action presents a very simple fact pattern. Staten Island University Hospital, the Plaintiff's employer had a duty to its patients and others to provide meals and associated meal services. In furtherance of that duty Staten Island University Hospital hired approximately 100 food services employees, of which the Plaintiff was one. Also in furtherance of its duty Staten Island University Hospital entered into a contract with the Defendant Aramark Healthcare Support Services, LLC to provide management services within the Food Service Department. But for the Food Service Agreement between Staten Island University Hospital and Defendant Aramark, said Defendant would have no presence in the hospital and it clearly would not be involved in this action.

Pursuant to the Food Services Agreement the Defendant Aramark was to provide certain supervisory personnel for the hospital's food service employees. Plaintiff does not deny that her

immediate supervisor was an employee of Aramark as set forth in the aforesaid contract.

The fact that Plaintiff's immediate supervisor was an employee of Aramark does not in and of itself render the Plaintiff a special employee of Aramark. All of the cases relating to special employment specifically state that "no single factor is determinative in determining whether a special employment exists." Victor v. Steel Style Inc., 56 A.D.3d 1099 867 N.Y.S.2d 790 (3rd Dep't 2008) Similar statement are made in every case cited by the Defendants. Notwithstanding such assertion, Plaintiff concedes that the majority of cases also set forth that a "a key element is who controls and directs the manner, details and ultimate results of the employee's work." Id. While the fact that Plaintiff's immediate supervisor was an employee of Defendant Aramark maybe a significant factor in determining whether Plaintiff Teresa Cipollone was a special employee of the Defendant it is clearly not the sole determinate factor.

The case law clearly states that it is a Defendant asserting a special employee/workers compensation defense has the burden of establishing special employee status and in so doing must overcome the presumption of retention and control by the general employer. Bellamy v. Columbia University, 50 AD3d 160, 851 N.Y.S2d 406 (1st Dep't. 2008). Franco v. Caled Management Corp., 74 AD3d 1142, 903 N.Y.S.2d 512 (2nd Dep't 2010).

In order for Defendant to establish its special employment defense the Defendant must establish complete "surrender of control by the general employer" Franco supra (see also Victor supra and Bellamy supra).

In the instant action the Plaintiff Teresa Cipollone worked for Staten Island University Hospital in the Food Services Department for at least 5 years before Staten Island University Hospital entered into its agreement with Aramark. Staten Island University Hospital was aware of this at the time that it negotiated and entered into its contract with Aramark which contract set forth that

2

Staten Island University Hospital maintained exclusive power and authority to hire, discipline, terminate, determine compensation and overtime of food service employees. Under the circumstances of this specific action it is impossible for the Court to determinate as a matter of law the Plaintiff's employer Staten Island University Hospital surrendered all control over Plaintiff Teresa Cipollone to the extent that the deposition testimony and the affidavit of Ted Bochynski claims that he had the authority to hire and fire food service employees this directly contradicts the contract and present a question of fact precluding the grant of summary judgment.

## CONCLUSION

On a motion for summary judgment it is improper to assess the creditability of the affiants. This fact notwithstanding it is clear that Ted Bochynski's testimony regarding whether food service employees wore uniforms bearing the Staten Island University logo was incorrect and that at best he lacked candor when speaking about his authority to fire food service workers. Mr. Bochysnki's testimony originally was that he had full authority to terminate all food service workers but as questioning progressed he reluctantly conceded that his authority to fire extended to Aramark employees and non union hospital employees and under further questioning he offered that all of the hospital food service employees were union members. He thereafter tried to repair his testimony by stating that his authority was limited to working with hospital and union officials. Mr. Bochynski's less that truthful testimony gives rise to the concept of falsus and uno and it respectfully submitted that his testimony and affidavit be given no weight by this Honorable Court.

For the foregoing reason it is requested that Defendant's motion be in all respects denied.

3

Yours etc.,

AMEDURI, GALANTE & FRISCIA

_____
JOHN S. FRISCIA (JF1029)
Attorneys for the Plaintiffs
Teresa Cipollone and Frank Cipollone
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000
Our File No. 2726

4

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
: ss:
COUNTY OF RICHMOND )

Our File No.: 2726

Janet Cruz Diaz, being sworn says: I am not a party to the action, am over 18 years of age and reside in Richmond County. On October 13, 2011, I served a true copy of the annexed **SUR-REPLY IN FURTHER OPPOSITION** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address(es) of the addressee(s) as indicated below:

Gallo Vitucci & KIar LLP
Attorneys for Defendant(s)
METRO FLOORS, INC.,
90 Broad Street, 3rd Floor
New York, NY 10004
(212) 683-7100

Herzfeld & Rubin, P.C.
Attorneys for Defendant(s)
STONHARD, INC.
40 Wall Street
New York, New York 10005
(212) 471-8500

Wilson, Elser, Moskowitz, Edelman & Dicker
Attorneys for Defendant(s)
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

Janet Cruz Diaz

Sworn to before me this
13th day of October, 2011

_____
Notary Public

ROSALIE J. MASSARO
Notary Public, State of New York
No. 01MA4793516
Qualified in Richmond County
Commission Expires August 31, 2013

Docket No.: 10-CV-00175
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERESA CIPOLLONE AND FRANK CIPOLLONE,

            Plaintiffs,

    -against-

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

            Defendant

------------------------------------------------------------------------X
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC

         Third-Party Plaintiff,

    -against-

STONHARD INC.,

         Third-Party Defendant.
------------------------------------------------------------------------X
STONHARD INC.,

         Second Third-Party Plaintiff,

    -against-

METRO FLOORS, INC.

         Second Third-Party Defendant.
------------------------------------------------------------------------X

**SUR REPLY IN OPPOSITION**

**AMEDURI, GALANTE & FRISCIA**
*Attorneys for PLAINTIFFS*
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000

TO:
Gallo Vitucci & Klar LLP
Attorneys for Defendant(s)
METRO FLOORS, INC.,
90 Broad Street, 3rd Floor
New York, NY 10004
(212) 683-7100

Herzfeld & Rubin, P.C.
Attorneys for Defendant(s)
STONHARD, INC.
40 Wall Street
New York, New York 10005
(212) 471-8500

Wilson, Elser, Moskowitz, Edelman & Dicker
Attorneys for Defendant(s)
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000