UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,    Index No. 10-CV-00175 (RML)

        Plaintiff,

  -against-

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.
        Defendants.
------------------------------------------------------------------X
ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.
        Third-Party Plaintiff,

  -against-

STONHARD, INC.,

        Third-Party Defendant.
------------------------------------------------------------------X
STONCOR GROUP, INC.,

        Second Third-Party Plaintiff,

  -against-

METRO FLOORS, INC.,

        Second Third-Party-Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT



HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW

125 BROAD STREET
NEW YORK, NEW YORK 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TERESA CIPOLLONE AND FRANK CIPOLLONE,        Index No. 10-CV-00175 (RML)

       Plaintiff,

  -against-

ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.
       Defendants.
-------------------------------------------------------------------X
ARAMARK HEALTHCARE SUPPORT
SERVICES, LLC.
       Third-Party Plaintiff,

  -against-

STONHARD, INC.,

       Third-Party Defendant.
-------------------------------------------------------------------X
STONCOR GROUP, INC.,

       Second Third-Party Plaintiff,

  -against-

METRO FLOORS, INC.,

       Second Third-Party-Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant/Second Third-Party Plaintiff STONCOR GROUP, INC. ("StonCor"), submits this memorandum of law in further support of defendant's motion for summary judgment and in response to some of the issues raised during oral argument on December 9, 2011.

Preliminarily, the motion papers clearly establish, without dispute, that Aramark controlled and directed the manner, details and ultimate results of plaintiff's work. Thompson v. Grumman Aerospace Corp., 78 N.Y.2d 553, 578 N.Y.S.2d 106 (1991). While no one single factor is decisive, this factor is "significant and weighty." Importantly, plaintiff does not really contest the underlying facts on this point.

In Thompson, even though ATS, the general employer, was responsible for the plaintiff's paychecks and employee benefits, Grumman, the special employer, was responsible for all recognizable components of the work relationship, including, (1) plaintiff considered Grumman's supervisor to be his boss; (2) plaintiff reported daily to the Grumman supervisor who controlled his work duties; and (3) the work plaintiff performed was solely in furtherance of Grumman's business at its facility. Based upon these factors, the New York Court of Appeals held that the plaintiff was a special employee of Grumman.

Here, the same indicia lead to the conclusion that the plaintiff was a special employee of Aramark. As set forth in the motion papers, plaintiff testified that she considered Jerry Rodriguez, the Aramark employee, to be her supervisor. Plaintiff reported daily to Mr. Rodriguez to obtain her work assignments and he supervised her work. There were no Staten Island University Hospital ("SIUH") supervisors in the kitchen and all her job functions were controlled by Aramark. Plaintiff further worked solely as a dietary worker in furtherance of Aramark's contractual obligations to SIUH. StonCor submits that these conceded factors are dispositive on the subject summary judgment motion.

In a desperate effort to avoid summary judgment based upon controlling New York law, plaintiff has raised several arguments, which, when analyzed, are clearly without legal or factual merit.

Plaintiff primarily argues that since under the SIUH contract with Aramark, the parties stated that Aramark would not be deemed a joint employer of the service employees, plaintiff cannot be held to be a "special employee" of Aramark. This argument has been expressly rejected by the New York courts. Indeed, in Thompson, even though the contract at issue expressly provided that ATS, the general employer, was to be considered plaintiff's employer, the Court nevertheless held that the plaintiff was a special employee of Grumman. In rejecting that argument, the New York Court of Appeals stated as follows:

> "While the ATS-Grumman contract provides that ATS is to be considered Thompson's employer, that provision alone is insufficient to establish as a matter of law that Thompson was *not* also a special employee of Grumman. … While employers certainly may contract as between themselves to define their business relationships and accomplish their business objectives, an agreement between the employers may not be determinative of the issue of special employment. The agreement involved here is not determinative of that issue and does not displace judicial assessment of the employee's actual relationship with Grumman to ascertain the special employment status for workers' compensation purposes and consequences."

See, e.g., Crowley v. Larkin Pluznick, Inc., 2001 U.S. Dist. LEXIS 2127 (E.D.N.Y. 2001) (the union contract "does not determine the functional issues which are at the heart of the determination whether a special employee relationship exists"); Makarova v. United States, 1999 U.S. Dist. LEXIS 1211 (S.D.N.Y. 1999) ("a contractual provision which defines an individual as either an employee or independent contractor is not determinative – the actual relationship decides that issue."); Quinlan v. Freeman Decorating, Inc., 160 F.Supp. 2d 681 (SDNY 2001). Tepper v. New York Convention Center Operating Corp., 2011 N.Y. Misc. LEXIS 3518 (Sup. Ct. N.Y. Co. 2011);

In Giordano v. Freeman Decorating Co., 2000 U.S. Dist. LEXIS 5374 (S.D.N.Y. 2000), the contract at issue, as here, recognized that the special employer, under no

3

circumstances, would be considered a joint employer with the general employer. Nevertheless, the Southern District (Casey, J.) found that the plaintiff was in fact a special employee of the special employer and granted summary judgment dismissing the action.

At bar, the terms of the Aramark-SIUH contract and any language concerning the classification of the plaintiff in that regard are not controlling. The determinative factor is the functional relationship between plaintiff and Aramark. In light of the undisputed facts which demonstrate that Aramark directed, controlled and supervised her work, plaintiff's failure to analyze those facts is not surprising. Plaintiff's reliance on the terms of the Aramark contact is misplaced and this argument is devoid of legal merit.

Plaintiff also argues that since SIUH purportedly had a right to fire the plaintiff, no special employee relationship existed. While the right to fire is one of the factors examined by the courts, it is clear that the most important factor concerns who controls and directs the manner of work. In fact, in Thompson, Crowley, Giordano, Makarova, Quinlan and Tepper, even though the courts recognized that the right to discharge was relevant, the courts nevertheless found that special employee status existed. In those cases, there was not even any discussion concerning the right to discharge, implicitly finding that that factor was not significant. Therefore, even if SIUH had the right to discharge, a point disputed by Aramark, that fact alone is not determinative and outweighed by the "significant and weighty" factor of control. Nevertheless, even that factor does not change the result because plaintiff was a union employee and union requirements had to be met for discharge. Aramark was responsible for following those requirements and reprimands were solely handled by Aramark. To the extent that SIUH had any role in discharge, such role was at best shared with Aramark, but that single factor does not alter her special employee status. Plaintiff's argument is devoid of merit.

Likewise, plaintiff's argument raised during oral argument that the SIUH-Aramark contract was for an unspecified term is inapposite. First, plaintiff's argument is factually wrong. The contract clearly states that it is a five-year contract commencing on January 1, 2005 (See ¶2-Term; Renewals). Therefore, plaintiff's argument that the term was unlimited is facially inaccurate. Moreover, in none of the cases cited was the length of the contract significant. This is a fallacious argument to avoid consideration of the relevant, undisputed facts establishing Aramark's control over plaintiff and her resulting special employee status.

Further, an analysis of the terms of the Aramark-SIUH contract, confirms plaintiff's special employee status. Under the Food Service Management Program (Paragraph II), Aramark was required to provide an on-site food manager for the premises who was required to coordinate the management and activities of the service employees, such as the plaintiff. Aramark was responsible for the preparation of all meals (¶ IV), and maintenance and cleaning of the food preparation and services areas (including kitchen floors) (¶ IV (E); Undeniably, there were no SIUH supervisory employees working in the kitchen. The only conclusion that can be reached is that plaintiff was a special employee of Aramark. Accordingly, Aramark's motion for summary judgment should be granted and the Complaint together with the Third-Party Complaint dismissed.

## CONCLUSION

For all the reasons set forth above and in the moving papers, the motion for summary judgment should be granted and plaintiff's Complaint and the Third-Party Complaint dismissed in all respects.

Dated: New York, New York
      December 14, 2011

Respectfully Submitted,

HERZFELD & RUBIN, P.C.

By: _____
     MICHAEL B. SENA, ESQ.
Attorneys for Third-Party
Defendant/Second Third-Party Plaintiff
STONCOR GROUP, INC.
125 Broad Street
New York, New York 10004
Tel: (212) 471-8527

## AFFIDAVIT OF SERVICE BY MAIL

Index No. <u>10-CV-00175(RML)</u>

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK  )

**BELINDA ROBINSON**, being duly sworn, deposes and says that deponent is not a party to this action, is over eighteen (18) years of age, and resides in Brooklyn, New York.

On **Wednesday, December 14, 2011,** I served a true copy of the within

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

upon the parties shown below, at the addresses shown below, being the addresses designated by said parties, for that purpose, by depositing a true copy of same in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

TO:

Joseph P. Wodarski, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, NY 10604
***Attorneys for Defendant/Third-Party Plaintiff
ARAMARK HEALTHCARE SUPPORT SERVICES, LLC.***
Tel: 914 323-7000

AMEDURI, GALANTE & FRISCIA
471 Rement Avenue
Staten Island, NY 10310
Tel: 718 442-9000
Fax: 718 273-5219
***Attorneys for Plaintiff***

Daniel P. Mevorach, Esq.
GALLO VITUCCI & KLAR LLP
90 Broad Street, 3rd Floor
New York, NY 10004
Tel: 212 683-7100
Fax: 212 683-5555
***Attorneys for Second Third-Party Defendant***

_____
BELINDA ROBINSON

Sworn to before me this
14th day of December, 2011

_____
Notary Public

MARION BACOT
Notary Public State Of New York
No. 01C14790506
Qualified in Bronx County
Commission Expires July 31, 2013